**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JACK EHRHART, : | |
| DANIEL C. RUNGO, and : | |
| DAVID L. RUNGO, : | |
| : | |
| Plaintiffs, : | CIVIL ACTION NO. |
| : | 1:13-CV-1383-RWS |
| v. : | |
| : | |
| CHARLES J. HAMPTON : | |
| Atty, its agents, services and or : | |
| employees, *et al.*, : | |
| : | |
| Defendants. : | |

**ORDER**

This case was submitted to the Court for a frivolity determination pursuant to 28 U.S.C. § 1915.  After reviewing the Complaint [3], the Court concludes that the case is subject to dismissal due to lack of subject matter jurisdiction.

In the Complaint, the *pro se* Plaintiffs allege that the Executors of the estates of Everett H. Ehrhart and Theresa L. Ehrhart (the "Testators") failed to pay Plaintiffs sums that they were due under the Wills of the Testators. Plaintiff Jack F. Ehrhart is the adopted grandson of the Testators, and Plaintiffs

AO 72A
(Rev.8/82)

Daniel C. Rungo and David L. Rungo are the biological sons of Plaintiff Jack F. Ehrhart.  Defendant John F. Ehrhart is Plaintiff Jack Ehrhart's father and is a Co-Executor of the estates.  He survived both Testators.

Similar provisions in each of the Wills of the Testators provide for a specific bequest to grandchildren as follows: "I give and bequeath the sum of Five Thousand Dollars ($5,000.00) to each of my grandchildren who shall survive me."  Wills[1], ¶ 2.3.  Each Will also provides for a "Residuary Trust" for the benefit of the surviving spouse of the Testator.  Id., ¶ 4.1.  Upon the death of the surviving spouse, any portion of the residuary trust that remains is to be distributed to the Testator's living descendants, *per stirpes*.  Id., ¶ 4.2(d).  A "Descendant's Trust" is created for each descendant who receives a distribution.  Id.  When a descendant reaches the age of 25 years, the trust of that descendant terminates, and the assets of the trust are distributed to the descendant, free and clear.  Id., ¶ 5.2.

Theresa Ehrhart predeceased Everett Ehrhart, and her Will was filed for probate on December 30, 2009.  Compl., ¶ 3.  John Ehrhart and Charles Ehrhart were appointed Co-Executors.  Id., ¶ 6.  On November 2, 2011, the Will of

---

[1]The Wills of each of the Testators are attached as Exhibits to the Complaint.  The provisions in issue in this case are identical in the two Wills.

Everett Ehrhart was filed for probate. Id., ¶ 4. John Ehrhart and Charles Ehrhart were appointed Co-Executors of his estate, as well. Id., ¶ 6. According to the provisions of the Wills, upon Theresa Ehrhart's death, Plaintiff Jack Ehrhart would have received a $5,000 bequest, as a grandchild, and a Residuary Trust for the benefit of Everett Ehrhart would have been created. Upon Everett Ehrhart's death, Plaintiff Jack Ehrhart would have received a $5,000 bequest, as a grandchild, and assets remaining in his Residuary Trust, as well as any residuary assets in Everett Ehrhart's estate would have been distributed to his living descendants, *per stirpes*. The distributions to the living descendants would have been placed in Descendant's Trusts for each descendant entitled to a distribution. Jack Ehrhart's father, John Ehrhart, survived both his parents. Therefore, the distribution to living descendants would have gone to him, and Jack Ehrhart would not be entitled to a distribution. John Ehrhart is over the age of 25. Therefore, his trust has terminated, and he received the assets distributed to him, free and clear of any claim by his descendants. Accordingly, Jack Ehrhart has no claim to residuary assets of the estates as a living descendant.

    Plaintiff Jack Ehrhart asserted a claim in the Probate Court of Gwinnett County when the Wills were submitted for probate. The Probate Court found

3

that Plaintiff Jack Ehrhart was entitled to $5,000.00 under the Wills of both Testators.  However, the Court found that he was not entitled to any other relief.

In the Complaint, Plaintiffs assert state law claims for "tortious interference with inheritance, with expectancy; theft and conversion; felony conspiracy; conflict of interests; bad faith; breach of contract; fraud; and malice."  Compl., ¶ 9.  Plaintiffs allege jurisdiction in this Court based on diversity of citizenship.  It appears from the Complaint that each of the Plaintiffs is a resident of Iowa and that each of the Defendants is a resident of Georgia.  Compl., 6-7.  Thus, Plaintiffs have alleged complete diversity of citizenship.  Compl., ¶ 23.  Plaintiffs also make a general allegation that the amount in dispute exceeds $75,000.  Id.  However, a review of the Complaint does not support this allegation.  As discussed *supra*, Plaintiff Jack Ehrhart is entitled to no more than $10,000 in damages, and the remaining Plaintiffs do not have viable claims.  Therefore, Plaintiffs have failed to establish the amount in controversy necessary to sustain diversity jurisdiction.

Based on the foregoing, this case is hereby **DISMISSED**, for lack of subject matter jurisdiction.

4

**SO ORDERED**, this  14th  day of May, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE